# EXHIBIT "D"

Johan A. Obregon, Esq. (Id. # 006972010)
**KERLEY, WALSH, MATERA & CINQUEMANI, P.C.**
200 Sheffield Street, Suite 208
Mountainside, New Jersey 07092
Tel: (908) 264-7361
Fax: (866) 490-8940
Email: jobregon@kerleywalsh.com
*Attorneys for Defendants*
RAYMOND J. SCHMERIN and LORD'S CARTING, LLC
Our File No.: 24721

| | |
|---|---|
| ALEJANDRO ARENDS,<br><br>Plaintiff(s),<br><br>v.<br><br>RAYMOND J. SCHMERIN and LORD'S CARTING, L.L.C.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO. ESX-L-007991-21<br><br>CIVIL ACTION<br><br>**ANSWER TO COMPLAINT, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR STATEMENT OF DAMAGES, DESIGNATION OF TRIAL COUNSEL, DEMAND TO PRESERVE EVIDENCE, AND JURY DEMAND** |

Defendants, RAYMOND J. SCHMERIN and LORD'S CARTING, LLC, by and through their attorneys, Kerley, Walsh, Matera & Cinquemani, P.C., by way of an Answer to plaintiff's Complaint, upon information and belief, say:

## AS AN FOR AN ANSWER TO THE FIRST COUNT

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "1" of the First Count of the Complaint and leave plaintiff to his proofs.

2. Admitted.

3. Defendants admit that defendant, RAYMOND J. SCHMERIN is a member of defendant, LORD'S CARTING, LLC, and was acting within his capacity as a member on

November 14, 2019. Defendants deny any and all other allegations contained in the paragraph designated "3" of the First Count of the Complaint.

4. Defendants deny the allegations contained in the paragraph designated "4" of the First Count of the Complaint.

5. Defendants deny the allegations contained in the paragraph designated "5" of the First Count of the Complaint.

6. Defendants deny the allegations contained in the paragraph designated "6" of the First Count of the Complaint.

**WHEREFORE**, defendants, RAYMOND J. SCHMERIN and LORD'S CARTING, LLC, demand judgment dismissing the Complaint, with prejudice, together with attorneys' fees, cost of suit, and all other relief this Court deems just and equitable.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint herein fails to state a claim upon which relief can be granted and defendants reserve the right to move at or before the time of trial to dismiss same.

### SECOND SEPARATE DEFENSE

There is a lack of *in personam* jurisdiction over the defendants because there is insufficiency of process and insufficiency of service of process. The exercise of such jurisdiction over the answering defendants is, therefore, in violation of the answering defendants' rights under the Constitutions of the State of New Jersey and the United States of America and the answering defendants reserve the right to move for dismissal of the pleading.

### THIRD SEPARATE DEFENSE

The plaintiff has failed to issue process within the time required by law and the answering defendants are entitled to a dismissal of the action.

### FOURTH SEPARATE DEFENSE

The claims of the plaintiff are barred by the entire controversy doctrine.

### FIFTH SEPARATE DEFENSE

The claims of the plaintiff are barred as a matter of law because of the doctrine of collateral estoppel.

### SIXTH SEPARATE DEFENSE

The applicable law, rule, statute or regulation, including but not limited to the statute of limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the plaintiff and accordingly, the plaintiff's claims are barred as a matter of law.

### SEVENTH SEPARATE DEFENSE

The plaintiff was guilty of contributory negligence in failing to exercise due and proper care under the existing circumstances and conditions.

### EIGHTH SEPARATE DEFENSE

Any and all injuries and damages sustained were the result of a third party over which the answering defendants had no control.

### NINTH SEPARATE DEFENSE

The plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

### TENTH SEPARATE DEFENSE

The damages of the plaintiff, if any, are as limited by the applicable provisions of the Comparative Negligence Act and the N.J.S.A. 2A:15-5.1, et. seq.

### ELEVENTH SEPARATE DEFENSE

The damages of the plaintiff, if any, are limited by the doctrine of avoidable consequences.

### TWELFTH SEPARATE DEFENSE

The damages alleged were the result of unforeseeable intervening acts of an agency independent of the answering defendants which bars plaintiff's causes of action.

### THIRTEENTH SEPARATE DEFENSE

The claim asserted is one for personal injury or death and the answering defendants are, therefore, entitled to the benefit of collateral source payments received by the plaintiff pursuant to N.J.S.A. 2A:15-97.

### FOURTEENTH SEPARATE DEFENSE

The incident which forms the basis of this litigation, and which allegedly caused injuries and damages to the plaintiff was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the answering defendants and the right of the plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined whether or not they are parties to this litigation. Accordingly, the answering defendants seek an adjudication of the percentage of fault of the plaintiff and each and every other person whose fault contributed to the incident.

### FIFTEENTH SEPARATE DEFENSE

The incident in question was caused by an intentional, wanton and malicious act of a third party, which act could not have been foreseen by the answering defendants.

### SIXTEENTH SEPARATE DEFENSE

Defendants did not breach any duty owed to plaintiff.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff failed to mitigate his/her damages.

### EIGHTEENTH SEPARATE DEFENSE

Defendants are only liable for the percentage of negligence, if any, found by the finder of fact pursuant to N.J.S.A. 2A:15-5.3.

### NINETEENTH SEPARATE DEFENSE

The conduct of the answering defendants was not the proximate cause of plaintiff's alleged damages.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are limited by a Verbal Threshold and plaintiff is not permitted recovery with respect to non-permanent personal injuries. N.J.S.A. 39:8A-1 *et. seq.*

### TWENTY-FRIST SEPARATE DEFENSE

Defendants were not guilty of any negligence.

### TWENTY-SECOND SEPARATE DEFENSE

If the plaintiff suffered damages, the same were caused by the plaintiff's sole negligence.

### TWENTY-THIRD SEPARATE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control of fault of the answering defendants.

### TWENTY-FOURTH SEPARATE DEFENSE

If plaintiff suffered damages, the same were caused by the negligence, breach of contract or breach of express or implied warranty of the co-defendants, jointly, severally, or in the alternative.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by reason of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1, et seq.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's claim for liquidated monetary damages is barred or limited by the New Jersey Automobile Reparation Reform Act, N.J.S.A 39:6A, et seq.

### TWENTY-SEVENTH SEPARATE DEFENSE

Defendants were confronted with a sudden emergency under the existing circumstances.

### TWENTY-EIGTH SEPARATE DEFENSE

Upon information and belief, plaintiff failed to use, or misused, a seat belt, thereby contributing to the alleged injuries and under the applicable law plaintiff may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

### TWENTY-NINTH SEPARATE DEFENSE

Any past or future costs or expenses incurred, or to be incurred, by the plaintiff for: ambulatory patient services such as doctor visits; emergency visits; hospitalization; maternity/newborn care; mental health services and substance use disorder services; prescription drug coverage; rehabilitative and habilitative services and devices; laboratory tests and services; preventative and wellness services including the management of chronic diseases; and pediatric medical services, have been or will, with reasonable certainty, be paid or indemnified, in whole or

in part, from The Patient Protection Affordable Care Act ("ACA"). The ACA and its Individual Mandate, codified at 26 USC §5000A, requires that all Americans purchase and maintain health insurance.

If any such damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from ACA.

### THIRTIETH SEPARATE DEFENSE

Plaintiff's claims are barred pursuant to 49 U.S.C. §30106, et seq.

### THIRTY-FIRST SEPARATE DEFENSE

Defendants reserve the right to amend this Answer and to assert additional defenses and/or otherwise supplement, alter or change this Answer upon the completion of further investigation or discovery.

**WHEREFORE**, defendants, RAYMOND J. SCHMERIN and LORD'S CARTING, LLC, demand judgment dismissing the Complaint, with prejudice, together with attorneys' fees, cost of suit, and all other relief this Court deems just and equitable.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made, pursuant to R.4:17-1(b)(2), that plaintiff answer under oath, within the time prescribed by the Rules of Court, the Interrogatories set forth in Form A of the New Jersey Court Rules.

### DEMAND FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that pursuant to R. 4:5-2, the parties filing this Answer, require that within five days hereof you furnish to them a statement of damages claimed.

### JURY DEMAND

Defendants hereby demand a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to R. 4:25-4, Johan A. Obregon, Esq. (#006972010), is designated as trial counsel.

## DEMAND TO PRESERVE EVIDENCE

Plaintiff is hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's cause of action and/or the defenses hereto, employment, medical and injury history, and any other relevant evidence including but not limited to electronic data, closed circuit TV footage, any video images, digital images, computer images, cache memory, searchable data, emails, text messages, call history, online social, work, and related websites, entries and posts on social networking sites (including but not limited to Facebook, Twitter, Instagram, SnapChat, YouTube, TikTok, etc.), and any other information, data, things, and/or documents which may be relevant to any claim or defense in this litigation. Failure to do so will result in claims for spoliation of evidence, adverse inferences and other permitted relief.

## NOTICE OF ALLOCATION

Pursuant to the New Jersey Civil Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991), the answering defendants hereby advises that if any co-defendant settles the within matter with the plaintiff at any time prior to the conclusion of trial, the liability of any settling party shall remain an issue and answering defendants shall seek an allocation and/or percentage of negligence by the finder of fact against any such settling party, and/or a credit in favor of answering defendants consistent with such allocation.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that, pursuant to Rule 4:5-1: (1) the within matter in controversy is not the subject of any other action pending in any other court or arbitration; (2) no other action or

arbitration proceeding is contemplated; and (3) no other necessary party to be joined in the subject litigation is presently known. I further certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with R:1:38-7(c).

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me a willfully false, I am subject to punishment.

Dated: March 8, 2022

By: KERLEY, WALSH, MATERA
& CINQUEMANI, P.C.

JOHAN A. OBREGON, ESQ.
200 Sheffield Street, Suite 208
Mountainside, New Jersey 07092
(908) 264-7361
jobregon@kerleywalsh.com
*Attorneys for Defendants*
RAYMOND J. SCHMERIN and
LORD'S CARTING, LLC
File No.: 24721

TO: Sander Budanitsky, Esq.
LAW OFFICES OF SANDER BUDANITSKY, LLC
520 West First Avenue
Roselle, New Jersey 07203
(908) 241-3445
*Attorneys for Plaintiff*
ALEJANDRO ARENDS

## CERTIFICATION OF SERVICE

I hereby certify that on **March 8, 2022,** the enclosed **ANSWER TO COMPLAINT, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR STATEMENT OF DAMAGES, DESIGNATION OF TRIAL COUNSEL, DEMAND TO PRESERVE EVIDENCE, AND JURY DEMAND, CIS,** and this Certification of Service has been served via **NJ E-Court e-filing** upon:

Clerk, Superior Court of New Jersey
Essex County Historic Courthouse
470 Dr. Martin Luther King Jr. Blvd.
Newark, New Jersey 07102

And

Sander Budanitsky, Esq.
LAW OFFICES OF SANDER BUDANITSKY, LLC
520 West First Avenue
Roselle, New Jersey 07203
(908) 241-3445
*Attorneys for Plaintiff*
ALEJANDRO ARENDS

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 8, 2022

_____
Ellasara Kling

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-007991-21

**Case Caption:** ARENDS ALEJANDRO VS SCHMERIN RAYMOND

**Case Initiation Date:** 10/25/2021

**Attorney Name:** JOHAN A OBREGON

**Firm Name:** KERLEY WALSH MATERA & CINQUEMANI PC

**Address:** 200 SHEFFIELD ST STE 208 MOUNTAINSIDE NJ 07092

**Phone:** 9082647361

**Name of Party:** DEFENDANT : LORD'S CARTING, L.L.C.

**Name of Defendant's Primary Insurance Company (if known):** SENTRY SELECT INSURANCE CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: ALEJANDRO ARENDS?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/08/2022                                                                                           /s/ JOHAN A OBREGON
Dated                                                                                                              Signed